### George W. Wilson, by His Next Friend, v. Illinois Central R. R. Co.

1. ORDINARY CARE—*Burden of Proof upon Plaintiff.*—The burden of proof is upon the plaintiff, in a personal injury case, to prove that he was in the exercise of ordinary care at the time of the injury.

2. SAME—*What Constitutes, Must Be Determined in Each Particular Case.*—What may be held ordinary care or due care within the requirements of the law must be determined from the circumstances in each particular case. That which may be ordinary care in one case might be gross negligence in another.

3. NEGLIGENCE—*When a Question of Fact; When of Law.*—Ordinarily the question of negligence, whether of the plaintiff or defendant, is a question of fact for the jury. Where, however, there is no evidence tending to show affirmatively that the plaintiff was in the exercise of due care and caution, nor any reasonable inference of such care from circumstances disclosed by the testimony, the duty is imposed upon the court to direct a verdict for the defendant.

4. SAME—*When the Court May Direct a Verdict for Defendant for Want of Due Care.*—It is only where, after conceding as true all that the evidence tends to prove in favor of the party charged with the want of due care or negligence, that the court may assume the absence of due care or the existence of negligence, and direct a verdict accordingly.

Trespass on the Case, for personal injuries. Appeal from the City Court of East St. Louis; the Hon. MARTIN W. SCHAEFER, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed September 10, 1903.

F. C. SMITH and M. MILLARD, attorneys for appellant.

KRAMER, CREIGHTON & SHAEFFER, attorneys for appellee; JOHN G. DRENNAN, of counsel.

MR. JUSTICE MYERS delivered the opinion of the court.

Suit was brought by appellant to recover for injuries received in being run over by an engine in the railroad yards of appellee in the city of East St. Louis, September 4, 1902.

At the conclusion of the plaintiff's evidence the trial court, on motion of the defendant, instructed the jury to find the defendant not guilty, and a verdict was returned accordingly. Plaintiff moved for a new trial, which was denied, and judgment entered on the verdict for the defendant, from which appeal was taken to this court. Error is assigned upon the giving of the peremptory instruction.

The appellee contends and the trial court so held, that the appellant was guilty of contributory negligence, and that this clearly appears from the undisputed evidence in the case.

This presents the only question for argument and the consideration of this court. We are relieved from a consideration of the evidence in proof of appellee's negligence alleged in the declaration except so far as may be necessary to determine whether appellant was in the exercise of ordinary care.

Appellee was the owner of railroad yards in East St. Louis, with parallel tracks running north and south. The east track was its main line, on which ran all of its trains from St. Louis and East St. Louis in a southerly direction. It was the custom of appellee to take all of its engines coming into East St. Louis from the north and south, down this main track to its round-house, situated in the south end of the yards. The Terminal Railroad

Association of St. Louis operated a belt railway and switching yards, a part of which lay immediately east and along the side of appellee's yard. One of the tracks in the Terminal Railroad Association's yard is known as the Conlogue track. The most westerly track of the Terminal Railroad Association, and the one next to the yards of appellee, was known as the delivery track, upon which it made deliveries to appellee, and received cars from it. All the tracks are about eight feet apart, except the said delivery track and the main track of the appellee, which are about six feet eight inches apart. Appellant was employed by the Terminal Railroad Association as a per diem clerk. It was his duty to take the numbers and initials of cars, see that they were properly sealed, and ascertain whether they were loaded or empty. At about eleven o'clock in the forenoon of the day in question he came from the south, between the delivery track of the Terminal Railroad Association and the main track of appellee, taking the numbers and initials of a number of cars that were standing on the delivery track. He reached the north end of the delivery track about the time that the switching crew of the Terminal Railroad Association had set in a car on the delivery track, and stepping back astride the easterly rail of the main track of appellee, that is, with one foot standing between the rails and one outside, he proceeded to take the number and initials of the car that had just been placed upon the delivery track. While he was thus standing on the track, one of appellee's engines was backing down the main track to the round-house, moving with the tender toward the south, at a speed probably not exceeding ten miles an hour. The yard clerk employed in the yards of appellee, who was some 150 feet beyond appellant, seeing his peril, attempted to attract his attention by hallooing to him. The engineer on the Terminal Railroad engine, fifteen or twenty feet from appellant, likewise hallooed to him two or three times, and failing to attract his attention, sounded the danger signal with the whistle on his engine eight or ten times. About this time the tender of the moving engine struck

appellant, knocked him down, and the wheels ran over one of his legs, so mangling it that amputation was necessary.

Though not alleged in the declaration, it devolved upon appellant to prove that he was in the exercise of ordinary care at the time of the injury. Peoria v. Adams, 72 Ill. App. 662. If the appellant's negligence contributed to the injury he can not recover. He could not be in the exercise of ordinary care and at the same time guilty of contributory negligence. Willfulness and wantonness not being charged, whatever the negligence of the appellee, the appellant may not recover unless it appear that he was in the exercise of ordinary care at the time of the injury. What may be held ordinary care or due care within the requirements of the law must be determined from the circumstances in the particular case. That which may be ordinary care in one case might be gross negligence in another.

The foregoing propositions of law, applicable under the facts in this case, have been repeatedly announced by the decisions of our Supreme and Appellate Courts.

Ordinarily the question of negligence, whether of the plaintiff or defendant, is a question of fact for the jury. Where, however, as in this case, there is no evidence tending to show affirmatively that the plaintiff was in the exercise of due care and caution, nor any reasonable inference of such care from circumstances disclosed by the testimony, the duty is imposed upon the court to direct a verdict for the defendant. In limitation of the court's authority in such case, the rule was expressed by this court in Stockyards v. Godfrey, 101 Ill. App. 40.

"It is only where, after conceding as true all that the evidence tends to prove in favor of the party charged with the want of due care, or negligence, that the court may assume the absence of due care or the existence of negligence, and direct a verdict accordingly."

In this case there is no controversy in the evidence bearing upon the appellant's conduct prior to and at the time of the injury. He was experienced in the service in which he was engaged. He was familiar with the yard and the

use of railroad tracks therein. He knew the track on which he was standing and its use in the running of trains and the frequent moving of engines over it to and from the round-house. In his testimony he states that he knew the danger of standing on the railroad track and the liability to injury in so doing. There was nothing to obstruct the view or to prevent his seeing the approaching engine in time to avoid the injury, whatever its speed or the negligence of the engineer to sound the whistle or ring the bell. There was no apparent necessity for his being upon the track at the time. His duties could have been as well performed from a secure position between the tracks. It is matter of common knowledge that work in and upon a railroad yard with numerous tracks, where there is almost constant switching of cars and the movement of trains and engines, is extremely hazardous, and ordinary care under such conditions requires a high degree of caution and watchfulness to avoid injury. There was nothing in the situation or circumstances attending the accident to exonerate or excuse appellant's manifest carelessness and indifference to the danger of his position on the track when struck by the tender.

From a careful examination of all the evidence in this record it does not appear that the appellant was in the exercise of ordinary care for his own safety at the time and place of injury. It clearly appears that his own negligence and lack of ordinary care contributed to the injury of which he complains.

The judgment of the City Court is therefore affirmed.